■ In the Matter of HYMAN CAPLAN, Petitioner, v. LIONEL CORPORATION, Appellant-Respondent. WACHTEL & MICHAELSON, Petitioner-Respondent-Appellant.— Order and judgment granting petitioners an allowance for legal services rendered, inclusive of disbursements, in the sum of $30,000 in connection with the prosecution of a special proceeding under section 619 of the Business Corporation Law affirmed, with $50 costs to petitioner-respondent-appellant against respondent Lionel Corporation. In affirming the court recognizes that the lawyers in rendering the service in the directors' election

proceeding were concerned with the general activities of the corporation. Consequently, as noted by Special Term, the lawyers will be entitled to compensation, if successful, in the derivative stockholders' action they are now prosecuting, for efforts expended by them in the complex of litigation out of which the election proceeding emanated. It was well within the discretion of Special Term, which should not be lightly disturbed, to limit the present fee application in the light of the indivisibility of the services rendered. Concur — Breitel, J. P., Valente, Eager and Witmer, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to modify the order appealed from so as to award the petitioners greater compensation. I believe the record amply supports a finding that, because of the efforts of the petitioners in this proceeding, the acquisition of the Premier properties at an unconscionable price was prevented, thereby resulting in a substantial saving to the Lionel Company. The award to the petitioners by Special Term could not have reflected compensation for the results so accomplished. In any event, if the record be insufficinet to sustain such a finding, then there is sufficient in the record to warrant a further hearing to see whether, in fact, such results were obtained through the petitioners' efforts. I think, also, that the services of the petitioners in ultimately accomplishing the removal of the illegally elected board of directors, in the light of the time spent, warrants a greater amount than the $30,000 awarded. Nor do I perceive any justification for requiring that just compensation to the attorneys be contingent upon their success in the other independent stockholders' action now pending.